J-S01040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENT JAMES KILGUS | : | |
| | : | |
| Appellant | : | No. 567 MDA 2024 |

Appeal from the PCRA Order Entered March 26, 2024
In the Court of Common Pleas of Montour County Criminal Division at
No(s): CP-47-CR-0000135-2018

BEFORE:  NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: JANUARY 24, 2025**

Brent James Kilgus appeals **_pro se_** from the March 26, 2024 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons set forth below, we quash this appeal.[1]

A detailed recitation of the facts is not relevant to our disposition and need not be reiterated here.  The relevant procedural history of this case, as gleaned from the certified record, is as follows:  On February 12, 2020, a jury found Appellant guilty of rape of a child, statutory sexual assault, aggravated

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth has indicated that it will not be filing a brief in this matter, noting that Appellant's purported brief "lacks sufficient information to provide a meaningful response."  Commonwealth's Letter, 11/25/24 at ¶ 2.

indecent assault of a child, corruption of minors, and indecent assault of a child.[2] These convictions stemmed from Appellant's repeated sexual assault of a nine-year old family member over the course of a year. On July 8, 2020, Appellant was sentenced to 120 to 240 months' imprisonment, plus three years' probation, for rape of a child; 60 to 120 months' imprisonment for aggravated indecent assault; 12 to 24 months' imprisonment for corruption of minors; and 9 to 18 months' imprisonment for indecent assault of a child. The conviction for statutory sexual assault merged with rape of child for sentencing purposes. On October 22, 2021, a panel of this Court affirmed Appellant's judgment of sentence, and Appellant did not seek an allowance of appeal with our Supreme Court. *See Commonwealth v. Kilgus*, 266 A.3d 647 (Pa.Super. 2021) (unpublished memorandum).

On November 3, 2022, Appellant filed a timely *pro se* PCRA petition and Hugh C. Taylor, III, Esq. (hereinafter, "PCRA counsel") was appointed to represent him. PCRA counsel ultimately filed a petition to withdraw and "no-merit" letter in accordance with *Turner*/*Finley*,[3] which was granted on January 26, 2024. Thereafter, the PCRA court provided Appellant with notice of its intention to dismiss his petition without an evidentiary hearing, pursuant

---

[2] 18 Pa.C.S.A. §§ 3121(c), 3122.1(b), 3125(a)(7), 6301(a)(1)(ii), and 3126(a)(7), respectively.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (*en banc*).

to Pa.R.Crim.P. 907(1). On March 26, 2024, the PCRA court dismissed Appellant's petition without a hearing. Appellant filed a timely **pro se** notice of appeal on April 17, 2024.[4] On September 25, 2024, a panel of this Court dismissed Appellant's appeal for failure to file a brief. On October 18, 2024, this Court filed a **per curiam** order granting **pro se** Appellant's request to reinstate his appeal.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

---

[4] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether his brief complies with the Pennsylvania Rule of Appellate Procedure.

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa.Super. 2003) (citations omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005).

Here, our review reveals that Appellant's brief falls well below the standards delineated in our Rules of Appellate Procedure. Notably, Appellant's "brief" is comprised of a single, five-line sentence on one page. We observe that Appellant's brief is entirely devoid of any of the elements set forth in Rule 2111(a), including: a statement of jurisdiction; a section specifying the order or determination sought to be reviewed; a statement of the scope and standard of review; a statement of the case; a summary of argument section; nor a short conclusion stating the precise relief sought. *See* Pa.R.A.P. 2111(a)(1), (2), (3), (5), (6), and (9). Appellant's brief also fails to include an "Argument" section "divided into as many parts as there are questions to be argued." *See* Pa.R.A.P. 2111(a)(8) and 2119(a).

- 4 -

Most significantly, Appellant has failed to include a "Statement of Questions Involved" in his brief in direct violation of Rule 2116(a), which provides that the statement of the questions involved must state the issues "**with sufficient specificity** to enable the reviewing court to readily identify the issues to be resolved…." Pa.R.A.P. 2116(a) note (emphasis added). Appellant's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this Court is being asked to review. *See Commonwealth v. Maris*, 629 A.2d 1014, 1015-1016 (Pa.Super. 1993).

Accordingly, we are compelled to quash this appeal due to the substantial defects in Appellant's one-page brief, which impede our ability to conduct meaningful appellate review.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/24/2025